# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRAS DABBAS,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>MOFFITT & ASSOCIATES, and DEBTORBASE COLLECTION,<br><br>　　　　　　Defendants. | CASE NO. 07cv0040<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER<br><br>(Doc. No. 47.) |

　　　Presently before the Court is a motion for leave to file a second amended answer brought by Defendants Moffitt & Associates and Debtorbase Collection. (Doc. No. 47.) For the following reasons, the motion is granted.

## BACKGROUND

　　　This case arises out of defendants' attempts to collect a debt from plaintiff, Firas Dabbas. Plaintiff claims defendants attempted to collect the debt despite knowing it was uncollectible because of the bankruptcy of the creditor (Complaint ¶¶ 27-40, 44-47 & 50-53), and improperly communicated with a third party in attempting to collect the debt (Compl. ¶¶ 41-43). Plaintiff also claims defendants sent him a letter marked final demand, but then sent additional demand notices. Plaintiff alleges the final demand language was thus misleading in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the California Fair Debt Collection Practices Act, 15 U.S.C. § 1788 et seq. ("RFDCPA"). (Compl. ¶¶ 48-50.)

1  Plaintiff filed a complaint on January 5, 2007.  (Doc. No. 1.)  On February 5, 2007, defendants filed an answer which denied all of the allegations in the complaint.  (Doc. No. 3.)  Plaintiff moved to strike the answer on February 9, 2007.  (Doc. No. 5.)  On March 15, 2007, defendants moved to file a first amended answer in light of the motion to strike.  (Doc. No. 9.)  The Court granted defendants' motion and denied plaintiff's motion to strike as moot.  (Doc. No. 12.)  Defendants' first amended answer was filed March 16, 2007.  (Doc. No. 11.)

On January 22, 2008, plaintiff filed a motion for partial summary judgment.  (Doc. No. 46.)  On February 11, 2008, defendants filed a motion for leave to file a second amended answer.  (Doc. No. 47.)  On February 12, 2008, the Court granted the parties' joint motion to continue the hearing date for the motion for partial summary judgment until after the resolution of the motion to amend the answer.  (Doc. No. 50.)  On February 27, 2008, plaintiff filed an opposition to the motion to amend.  (Doc. No. 52.)  Defendants filed a reply on March 3, 2008.  (Doc. No. 53.)  The Court now finds the matter fully briefed and amenable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## DISCUSSION

Legal Standard

Under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Leave to amend is granted with "extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  "There are several accepted reasons why leave to amend should not be granted, including the presence of bad faith on the part of the [party seeking to amend], undue delay, prejudice to the [party opposing amendment], futility of amendment, and that the party has previously amended the relevant pleading."  Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., 989 F. Supp. 1237, 1241 (N.D. Cal. 1997).

//
//
//

Analysis

Defendants seek leave to amend their answer in order to deny part of the complaint which was admitted by their first amended answer. Plaintiff alleges, in paragraph 49 of the complaint:

> In reality, Defendants then continued to demand payment on many other subsequent dates, including, but not limited to, February 27, 2006, March 23, 2006, March 30, 2006, and consequently, the communication made by Defendants to Plaintiff was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendants violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

(Compl. ¶ 49). Defendants' first amended answer included the number "49" in the list of admitted paragraphs, thus admitting defendants' collection attempts violated the FDCPA and the RFDCPA. Gary Harrison, then-counsel for defendants, has submitted a declaration to the Court stating this admission was an inadvertent typographical error. (Harrison Declaration In Support Of Motion ¶¶ 4-5.) Eric Deitz, who substituted in as defendants' counsel in July of 2007, did not realize this admission had been made until plaintiff's partial summary judgment motion, filed January 22, 2008, referenced the admission. (Deitz Decl. ISO Motion ¶ 3.) Mr. Deitz then contacted Mr. Harrison and promptly filed the instant motion on February 11, 2008. (Id. ¶¶ 4-6.)[1]

Defendants argue that under these circumstances, the Court should grant leave to amend. Specifically, defendants argue amendment should be granted to correct an inadvertent mistake, adjust the pleadings after the substitution of counsel, and ensure the case is decided on the merits.[2] Defendants contend no undue delay has occurred because counsel acted immediately upon

---

[1] Plaintiff argues these declarations should be ignored because the declarants indicated their "familiarity" with the matters at hand, rather than averring the declarations were based on their personal knowledge. (Opp. at 6.) As defendants correctly note, the declarations are, their face, based on the personal knowledge of the declarants, as each attorney describes his own actions. (Harrison Decl. ¶¶ 3-4 ("I prepared and filed a "First Amended Answer" . . . . I did not intend to admit certain allegations contained in paragraph 49 of the Complaint."); Deitz Decl. ¶¶ 3-4 ("I learned of an apparent error . . . . I promptly contacted Mr. Harrison.").) While the cited cases support plaintiff's position declarations must be made based on personal knowledge, they do not support the view only a recitation of the words "personal knowledge" will suffice. See Norita v. N. Mariana Islands, 331 F.3d 690, 697 (9th Cir. 2003) (rejecting evidence presented by affidavit that plaintiffs were "aware" of certain events happening to others); Block v. City of Los Angeles, 253 F.3d 410, 419 (9th Cir. 2001) ( rejecting affidavit in which affiant relayed information provided him by others because affiant was not personally involved in any of the subject matter). Additionally, defendants have submitted reply declarations adding a recitation the declarations are made based on personal knowledge. Accordingly, the Court considers the declarations.

[2] Both parties rely largely on California state cases, which do not interpret Rule 15 and thus do not apply to this federal procedural issue, or federal cases from outside the Ninth Circuit, which are not binding authority.

discovering the error. Defendants also claim plaintiff will not be unduly prejudiced because discovery is ongoing and plaintiff's motion for partial summary judgment is based on several arguments other than the erroneous admission.

Most importantly, defendants direct the Court's attention to the requests for admission which plaintiff sent defendants on June 14, 2007. Request for admission number 38 is identical in substance to paragraph 49 of the complaint:

> Admit in reality, following the February 23, 2006 letter, Moffitt & Associates continued to demand payment on many other subsequent dates, including, but not limited to, February 27, 2006, March 23, 2006, March 30, 2006, and consequently, the communication made by Moffitt & Associates to Plaintiff was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendants violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

(Reply Ex. A ¶ 38.) Defendants responded on August 7, 2007, denying this paragraph. (Reply Ex. B ¶ 38.) Accordingly, defendants argue plaintiff knew five months before the instant motion was filed that defendants intend to dispute paragraph 49.

The Court agrees plaintiff will not be unduly prejudiced by allowing defendants to amend their answer to deny paragraph 49 because defendants denied its substance in August. Plaintiff argues defendants' counsel should have found the mistake in the answer before filing it or during the seven-month period between the substitution of counsel and the filing of the summary judgment motion. Attorney error, however, should not prevent the consideration of the merits of a case when the error is corrected in a timely fashion. See, e.g., Jornigan v. N.M. Mut. Cas. Co., 228 F.R.D. 661, 664 (D.N.M. 2004) (permitting amendment to deny allegation where attorney mistakenly admitted a crucial fact, which he discovered was untrue as soon as he consulted with his client, six months later).

Plaintiff claims he is prejudiced because (1) he will need to perform additional discovery to establish the previously-admitted claims, and (2) counsel spent unnecessary time on the motion for partial summary judgment. Plaintiff also requests the Court award him attorneys' fees and costs for these activities if the amendment is permitted. The Court declines to award this compensation because plaintiff has not shown prejudice. Contrary to his assertion, plaintiff has conducted discovery on these claims, as evidenced by the requests for admissions. (Reply Ex. A.) The

motion was filed nearly two months before the close of discovery, not on the "eve" of the April 30, 2008 deadline as plaintiff claims. Plaintiff does not show that any additional discovery on these claims poses a greater burden than he would have borne if paragraph 49 had never been erroneously admitted. Plaintiff's motion for partial summary judgment does not rely simply on the answer's admission, but also advances legal arguments that defendants' conduct violated the FDCPA and RFDCPA, so very little of plaintiff's motion for partial summary judgment appears to be affected by the amendment. Moreover, the Ninth Circuit has declined to find prejudice in the expenses incurred prior to a motion to amend unless the nonmoving party establishes the party seeking amendment "delay[ed] assertion of [the amendment] for the purpose of forcing a party to incur unnecessary expenses," thus demonstrating bad faith. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

In this case, plaintiff has not shown bad faith or a dilatory motive behind the motion. Even considering the other apparent errors of former counsel in litigating this case, the Court does not see a pattern of dilatory conduct.[3] Id. at 712 (refusing to infer bad faith stemming from delayed assertion of defense where counsel discovered defense while responding to plaintiff's motion); Jornigan, 228 F.R.D. at 664 ("The Court believes that . . . counsel made a mistake, rather than engaging in bad faith. All [defendant] wants to do here is to correct a factual error that his legal counsel placed in the initial answer. The Plaintiffs want to prevent [defendant] from correcting this error, so that [defendant] is stuck with this admission regardless of its accuracy.").

The Court also rejects the argument the motion should be denied due to delay because Mr. Deitz should have discovered the mistake while reviewing the pleadings after the substitution of counsel in July. In August, defendants responded to the request for admissions by denying the substance of paragraph 49. Thus plaintiff learned of defendants' intention to contest paragraph 49

---

[3] In asserting the instant motion is made in bad faith, plaintiffs rely on two actions of former defense counsel. (Opp. at 3.) First, the magistrate judge imposed sanctions on former defense counsel in April of 2007 for failure to appear at an Early Neutral Evaluation conference. However, the magistrate judge expressly found counsel "did not act in a willful manner" and "did not deliberately set out to violate this Court's orders." (4/03/2007 Order.) Instead, former counsel had not received notice of the hearing because he did not register for the electronic filing system. Furthermore, while former defense counsel also withdrew a motion to strike after an opposition was filed, this action delayed the case for one month and does not establish a pattern of dilatory conduct. Moreover, defendants' denial of the request for admission substantively identical to paragraph 49 is inconsistent with a bad-faith plan to surprise plaintiff with a change at a late date.

just one month after the substitution of counsel. While the delay in this case is eleven months from the filing of the first amended answer and seven months from the substitution of counsel, the substance of paragraph 49 was denied five months ago and defense counsel filed the motion to amend within two weeks of learning of the contradictory answer. The delay is thus insufficient to warrant denying the motion. Compare Jornigan, 228 F.R.D. at 661 (permitting amendment of answer approximately six months later due to attorney error), with Komie v. Buehler Corp., 449 F.2d 644, 648 (9th Cir. 1971) (affirming district court's denial of leave to amend answer when motion made 31 months after answer filed); see also Mende v. Dun & Bradstreet, Inc., 670 F.2d 129, 131 (9th Cir. 1982) (affirming denial of motion for leave to amend answer 25 months after answer was filed).

In summary, plaintiff has not shown undue prejudice, undue delay, or bad faith.[4] Without such a showing, "[t]he courtroom should remain a place where truth and justice are sought, and not where attorney mistakes are used to penalize the litigants." Jornigan, 228 F.R.D. at 664.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendants' motion to file a second amended answer. Defendants may file the second amended answer within five days of the date of this order.

Also pending before the Court is plaintiff's motion for partial summary judgment, currently scheduled for hearing on April 7, 2008 at 10:30 a.m. If plaintiff seeks to file a revised motion responding to the second amended answer, counsel should call chambers within five days of the date of this order to reschedule the motion hearing date for the motion for summary judgment.

**IT IS SO ORDERED.**

**DATED: March 12, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[4] The proposed amended answer would also deny paragraph 16, relating to the relationship between the defendants, which the first amended answer did not admit or deny. While plaintiff objects to this amendment, he does not suggest it would create undue prejudice or delay or was made in bad faith. Accordingly, the Court will also permit this amendment.